FLORENCE D. VAN RENSSELAER, Respondent, *v.* JOHN D. CHISM and CLEMENTINA S. CHISM, Appellants.

Third Department, March 5, 1919.

Negligence — motor vehicles — injury to pedestrian on State road overtaken and struck by automobile — action against husband and wife — evidence.

In an action for injuries to a person who was overtaken and run down by an automobile upon the State road, it appeared that the macadam part of the road at the place of the accident was eighteen and one-half feet wide; that the dirt shoulder between the macadam and the grass was about three and one-half feet wide, and that a grass plot upon which the plaintiff was walking at the time of the accident extended from the shoulder to the ditch about seven feet; that the defendants are husband and wife, the latter owning the car. The defendants testified that at the time of the accident they were using the car to convey the husband's brother-in-law and sister from their summer residence to their home, but upon cross-examination it appeared that they were going to the city to spend the week, and that the carrying of the husband's relatives was merely an incident of the trip; that at the time of the accident both defendants were upon the front seat, the husband driving and the wife manipulating the lights; that before the accident they met a car which did not dim its lights, and defendants claimed they did not see the plaintiff

until after said car had passed, and that just as the wife turned on the lights she saw the plaintiff immediately in front of the car.

*Held*, on all the evidence, that a finding of negligence against each defendant was justified;

That the jury had the right to determine that the defendants together were operating the car on a trip in which they were mutually interested.

Appeal by the defendants, John D. Chism and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 31st day of May, 1918, upon the verdict of a jury for $12,000, and also from an order entered in said clerk's office on the same day denying defendants' motion for a new trial made upon the minutes.

*John F. O'Brien* [*P. C. Dugan* of counsel], for the appellant John D. Chism.

*J. F. Lucey* [*John N. Carlisle* of counsel; *E. C. Markel* with him on the brief], for the appellant Clementina S. Chism.

*William T. Byrne,* for the respondent.

John M. Kellogg, P. J.:

At about six-thirty p. m., on October 22, 1916, the plaintiff was walking along the Loudonville road, a State road, going south, and the defendants' car, going in the same direction, overtook her, ran her down and seriously injured her, for which she has recovered. The macadam part of the road was eighteen and one-half feet wide; the dirt shoulder of the road, between the macadam and the grass, was about three and one-half feet wide, and a grass plot extended from this shoulder to the ditch, about seven feet. The defendants are husband and wife; the wife owns the car. The husband, about sixty-five years of age, was driving the car; she sat by his side; the top was up. The plaintiff's evidence showed clearly that she was walking upon the grass plot outside of the macadam road, and of the dirt shoulder, when the car hit her. Her position when found, the position of the car and all the circumstances indicated the correctness of that view. Other facts and circumstances connected with the injury rest, to quite an extent, upon the credibility of the defendants. They were vitally interested in the event. In their judgment, apparently, the

liability of the wife depended, to quite an extent, upon the purposes for which the car was being used at the time. Each was sworn upon that subject, and their testimony indicated that they were summer residents at a cottage on Lake George and that they were using the car to convey the husband's brother-in-law and sister from Lake George to the boat at Albany, and that there was no other purpose for the trip. Upon the cross-examination of the wife it appeared that their home was at Albany; that the husband was engaged in business there, and that his custom was to visit Lake George Saturdays and Sundays, and that instead of the trip being made to carry the husband's relatives to the boat, the defendants were going to Albany to spend the week, the husband to carry on his business as usual, both living in their residence there during the time. The carrying of the husband's relatives was merely an incident of the defendants' trip home. It is evident, therefore, that neither of them was frank with the jury in stating the object of the trip, and upon a question vital to the merits, as they viewed it. The interest of the defendants, their testimony upon this subject and the circumstances sworn to by them, made it necessary for the jury to determine what credence should be given to their testimony, and if it felt the testimony in any respect unworthy of credit, it was at liberty to disregard it. From all the evidence the jury had the right to determine that the defendants together were operating the family car on a trip in which they were mutually interested. Both defendants were upon the front seat and each was giving attention to and assisting in the operation of the car. She manipulated the lights. She frequently drove the car, and learned to drive it before he did. Shortly before the accident, several cars going south passed them, and just before the accident a car was approaching from the south which did not dim its lights and undoubtedly the glare of its lights interfered somewhat with defendants' free vision, thus calling on them for greater care. The plaintiff was upon the grass and between the defendants' car and the approaching car. If the approaching car did not dim its lights, it is difficult to understand how the defendants could have failed to observe the plaintiff. The defendants say they did not see her until after the car had passed, and just

as the wife turned on the lights she saw the plaintiff immediately in front of the car. She could not say whether she was walking or standing, but she immediately disappeared. It may be that the wife was so much engaged in attending to the lights that she failed to give proper attention to what was in the roadway ahead. The defendants say that the plaintiff was in the road on the macadam, a few feet from the shoulder. If so they were clearly negligent in not seeing her. It is quite probable that the manner in which the lights of the defendants' car were manipulated, and the attention the wife was giving them, caused or contributed to the accident. Her testimony at folios 738–744 sustains that view. Evidently neither of the defendants was a skilled automobilist, and their giving attention to the car and the lights distracted their attention from what was taking place upon the road in front of them.

If the plaintiff was walking on the grass plot and the defendants' car, with dimmed lights, was out of the road, and came into collision with her outside of the road, the defendants' negligence would seem plain. If, as the defendants claim, the plaintiff was on the macadam part of the road, and they did not see her until the car was upon her, just as they were turning on the lights, their liability would be clear. If he as driver, and she as owner sitting with him on the front seat and assisting in the operation of the car, failed to notice that the car was out of the road, or failed to see the plaintiff if she was in the road, they would clearly be negligent. It is inconceivable that if the plaintiff was in the road that she could not have been seen by the defendants when their bright lights were approaching. It is, I think, self-evident that the wife did not turn on her lights until sometime after the car had passed the plaintiff. If they had been promptly turned on, or had not been turned off at all, it is quite probable that the accident could not have happened. The wife is not quite clear in her testimony about the dimmers. She speaks of turning them on and then says that they were on before and all she did was to turn off and turn on the big lights. If the dimmers were burning, it would seem that the plaintiff could have been seen before the big lights were turned on. The jury could have determined from all the

evidence that after the big lights were turned off there was no light upon the car until they were again turned on.   That fact depends upon the correctness of the assumption and the veracity of the wife.

The defendants considered that the right wheels of their car were on the macadam right near the dirt shoulder.   The plaintiff's evidence indicates clearly that when she was hit the right wheels of the car were upon the grass, and some of her clothing was found on the oil pan under the left side of the car.   The glass in the right lamp of the car was broken.

Taking the facts and inferences in the most favorable view to the plaintiff, the finding of negligence against each defendant was justified.   We find no error in the charge calling for a reversal of the judgment.   The fact that under the circumstances it rested solely with the jury to determine the amount of credit to be given to the testimony of each defendant makes it unnecessary for us to discuss certain questions which are raised upon the theory that the defendants' version of the transaction, in certain respects, is true.   We consider that the jury have determined the facts in the most favorable light for the plaintiff, and the legal questions must be solved by applying the law to such facts.

The judgment and order should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.